IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ESTECH SYSTEMS, INC., | CIVIL ACTION NO. 6:20-cv-00774 |
| Plaintiff, | ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT |
| v. | |
| GENSLER ARCHITECTURE, DESIGN & PLANNING, P.C. d/b/a GENSLER; and M. ARTHUR GENSLER JR. & ASSOCIATES, INC., | **JURY TRIAL DEMANDED** |
| Defendants. | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Estech Systems, Inc. ("Estech" or "Plaintiff") files this original complaint against SWBC Mortgage Corporation and Southwest Business Corporation (collectively "Defendants") alleging, based on its own knowledge as to itself and its own actions, and based on information and belief as to all other matters, as follows:

## PARTIES

1.      Estech Systems, Inc., is a corporation filed under the laws of the State of Texas, with its principal place of business at 3701 East Plano Parkway, Suite 100, Plano, Texas 75074.

2.      Defendant Gensler Architecture, Design & Planning, P.C. d/b/a Gensler is incorporated in New York with its headquarters at 45 Freemont Street, Suite 1500, San Francisco, California 94105.  Its registered agent for service is CT Corporation, 28 Liberty St., New York, NY 10005.

3.      M. Arthur Gensler Jr. & Associates, Inc. is a New York corporation with its headquarters at 45 Freemont Street, Suite 1500, San Francisco, California 94105.  Defendant's registered agent for service is CT Corporation, 28 Liberty St., New York, NY 10005.

## JURISDICTION AND VENUE

4.      This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1400(b) and 1391(c).

6.      Defendants are subject to this Court's specific and general personal jurisdiction due at least to Defendants' substantial business in this forum, including (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

7.      Specifically, Defendants intend to and do business in Texas, directly or through intermediaries and offer their products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Western District of Texas.

8.      Defendants maintain a regular and established place of business in this district, including at 1011 South Congress Ave., Building I, Suite 200, Austin, TX 78704.

9.      Upon information and belief, Defendant M. Arthur Gensler Jr. & Associates, Inc. is the parent company of Gensler Architecture, Design & Planning, P.C. d/b/a/ Gensler.

## THE TECHNOLOGY

10.     For more than 30 years, Estech has been a leading U.S.-based provider of end-to-end business phone solutions.  Estech's Network Operations Center is located in Plano, Texas.

11.     Since 1987, Estech has sold more than 400,000 solutions to its customers, working with more than 1500 certified partners nationwide.  Its customers include small and large businesses across the country.

12.     Recognizing that business doesn't get done without communication, Estech provides powerful products that that are easy and simple to use.  Estech's products are engineered to make intelligent technology that is intuitive and user-friendly, empowers employee productivity, and fuels customer satisfaction.

13.     Estech's technology is American-engineered.  From its Texas headquarters, Estech provides a full solutions portfolio of modern business phone systems, including Cloud, Hybrid, Pure IP, and SIP dial tone products.  Given Estech's end-to-end product offerings, Estech customers are empowered to choose the product features they need and want.

14.     Estech's products include the most integrated cloud PBX in the market—the award-winning ESI Cloud PBX; Voice over IP (VoIP) products and systems; and on-premises products. A cloud-based PBX is a sophisticated telephone exchange system that uses a cloud infrastructure to provide communication services, such as telephony services.

15.     Estech cloud-based products have handled billions of call minutes.

16.     Estech also provides U.S.-based, best-in-class technical support for its customers.

17.     The patents-in-suit, U.S. Patent Nos. 8,391,298 (the "'298 patent"), 6,067,349 (the "'349 patent"), and 7,123,699 (the "'699 patent") (collectively, the "Asserted Patents"), are

generally directed to systems and methods for providing robust, feature-rich communications systems.

**COUNT I**

**DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,391,298**

18.        Estech owns all substantial rights, interest, and title in and to the '298 patent, including the sole and exclusive right to prosecute this action and enforce the '298 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '298 patent on March 5, 2013.  A copy of the '298 patent is attached as Exhibit A.

19.        The '298 patent describes information processing systems that store a list of phone numbers and provide those phone numbers to the user of a VoIP telephone.  The user can use that list to dial the telephone number of another user associated with the system.

20.        The claims of the '298 patent are not directed to an abstract idea.  For example, claim 1 of the '298 patent recites a specific arrangement of devices and networking components. Together those devices and networking components enable a user of a first telecommunications device to observe a list of a plurality of telecommunications extensions.  The list of extensions is stored in a server within a specific networking configuration, and the user can select to view a subset of the extensions.  Taken as a whole, the claimed inventions of the '298 patent are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the functioning and operation of information processing systems.

21.        The written description of the '298 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how

the non-conventional and non-generic combination of claim limitations is patently distinct from and improved upon what may have been considered conventional or generic in the art at the time of the invention.

22.     Defendants made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale products and/or systems, including VoIP telephone systems and networking equipment utilized by Defendants ("Accused Instrumentalities").

23.     The Accused Instrumentalities include local area networks used in conjunction with VoIP devices, such as telephones, networking equipment, and servers that provide VoIP functionality.

24.     By doing so, Defendants have directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '298 patent.  Defendants' infringement in this regard is ongoing.

25.     Defendants have infringed the '298 patent by making, having made, using, importing, providing, supplying, distributing, selling, or offering the Accused Instrumentalities for sale.

26.     Plaintiff has been damaged as a result of the infringing conduct by Defendants alleged above.  Thus, Defendants are liable to Plaintiff in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

27.     Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '298 patent.

28.      Defendants have also indirectly infringed the '298 patent by inducing others to directly infringe the '298 patent.  Defendants have induced end-users, including Defendants' personnel and contractors, to directly infringe (literally and/or under the doctrine of equivalents) the '298 patent by making and using the Accused Instrumentalities.  Defendants took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '298 patent, including, for example, Claim 1 of the '298 patent.  Such steps by Defendants included, among other things, advising or directing personnel, contractors or end-users to make or use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; and/or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner.  Defendants are performing these steps, which constitute induced infringement with the knowledge of the '298 patent and with the knowledge that the induced acts constitute infringement.  Defendants are aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '298 patent. Defendants' inducement is ongoing.

29.      Defendants have also indirectly infringed by contributing to the infringement of the '298 patent.  Defendants have contributed to the direct infringement of the '298 patent by its personnel, contractors, and suppliers.  The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '298 patent, including, for example, Claim 1 of the '298 patent.  The special features include, for example, the devices and networking components recited in Claim 1, including the interrelation between those devices and networking components, that allow the claimed server to provide a list of extensions and for the user to select to view a

subset of the extensions.  The special features constitute a material part of the invention of one or more of the claims of the '298 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Defendants' contributory infringement is ongoing.

30.     Defendants have knowledge of the '298 patent at least as of the date when it was notified of the filing of this action.

31.     Furthermore, on information and belief, Defendants have a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.

32.     Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

33.     Defendants' direct and indirect infringement of the '298 patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Plaintiff's rights under the patent.

34.     Plaintiff has been damaged as a result of the infringing conduct by Defendants alleged above.  Thus, Defendants are liable to Estech in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

35.     Estech has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Estech has and will continue to suffer this harm by virtue of Defendants' infringement of the '298 patent.  Defendants' actions have interfered with and will interfere with Estech's ability to license technology.  The balance of hardships favors Estech's ability to commercialize its own ideas and technology.  The public interest in allowing

Estech to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## COUNT II

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 6,067,349

36.     Estech owns all substantial rights, interest, and title in and to the '349 patent, including the sole and exclusive right to prosecute this action and enforce the '349 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '349 patent on May 23, 2000.  A copy of the '349 patent is attached as Exhibit B.

37.     The '349 patent describes a telephone and voice mail system.  When a calling party calls a user of the system, the system receives the caller's caller ID information and associates that information with a voicemail message.  By doing so, the recipient of the voicemail can automatically call back the caller while listening to the voicemail message.

38.     The claims of the '349 patent are not directed to an abstract idea.  For example, claim 1 of the '349 patent recites specific steps performed on specific components of voice communications.  Taken as a whole, the claimed inventions of the '349 patent are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the function and operation of telephone and voice mail systems.

39.     The written description of the '349 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from

and improved upon what may have been considered conventional or generic in the art at the time of the invention.

40.     Defendants made, had made, used, imported, provided, supplied, distributed, sold, and offered for sale products and/or systems, including voice mail systems utilized by Defendants ("Accused Instrumentalities"):

41.     The Accused Instrumentalities include local area networks, VoIP devices such as telephones, and voice mail infrastructure.

42.     By doing so, Defendants have directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '349 patent.  Defendants' infringement in this regard is ongoing.

43.     Defendants have infringed the '349 patent by making, having made using, importing, providing, supplying, distributing, selling, or offering the Accused Instrumentalities for sale.

44.     Plaintiff has been damaged as a result of the infringing conduct by Defendants alleged above.  Thus, Defendants are liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

45.     Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '349 Patent.

46.     Plaintiff has been damaged as a result of the infringing conduct by Defendants alleged above.  Thus, Defendants are liable to Estech in an amount that compensates it for such

infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,123,699

47.     Estech owns all substantial rights, interest, and title in and to the '699 patent, including the sole and exclusive right to prosecute this action and enforce the '699 patent against infringers, and to collect damages for all relevant times.  The United States Patent and Trademark Office duly issued the '699 patent on October 17, 2006.  A copy of the '699 patent is attached as Exhibit C.

48.     The '699 patent describes a telecommunications system for storing a voice mail message in a voice mail box in a voice mail system within a first local area network (LAN).  A user can access and listen to the voice mail using a telecommunications within a second LAN by connecting to the first LAN via a wide-area network (WAN), such as the Internet.

49.     The claims of the '699 patent are not directed to an abstract idea.  For example, claim 1 of the '699 patent recites a specific arrangement of devices in a networking environment. Together those devices enable a user within a second LAN to access and listen to voice mail messages stored within a first LAN.  Taken as a whole, the claimed inventions of the '699 patent are not limited to well-understood, routine, or conventional activity.  Rather, the claimed inventions include inventive components that improve upon the functioning and operation of information processing systems.

50.     The written description of the '699 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of claim limitations is patently distinct from

and improved upon what may have been considered conventional or generic in the art at the time of the invention.

51.     Defendants made, had made, used, imported, provided, supplied, distributed, sold, or offered for sale products and/or systems, including VoIP telephone systems and networking equipment utilized by Defendants ("Accused Instrumentalities").

52.     The Accused Instrumentalities include local area networks used in conjunction with VoIP devices, such as telephones, networking equipment, and servers that provide VoIP functionality.

53.     By doing so, Defendants have directly infringed (literally and/or under the doctrine of equivalents) at least Claim 1 of the '699 patent.  Defendants' infringement in this regard is ongoing.

54.     Defendants have infringed the '699 patent by making, having made, using, importing, providing, supplying, distributing, selling, or offering the Accused Instrumentalities for sale.

55.     Plaintiff has been damaged as a result of the infringing conduct by Defendants alleged above.  Thus, Defendants are liable to Plaintiff in an amount that adequately compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

56.     Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '699 patent.

57.     Defendants have also indirectly infringed the '699 patent by inducing others to directly infringe the '699 patent.  Defendants have induced end-users, including Defendants'

personnel and contractors, to directly infringe (literally and/or under the doctrine of equivalents) the '699 patent by making and using the Accused Instrumentalities.  Defendants took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '699 patent, including, for example, Claim 1 of the '699 patent.  Such steps by Defendants included, among other things, advising or directing personnel, contractors or end-users to make or use the Accused Instrumentalities in an infringing manner; advertising and promoting the use of the Accused Instrumentalities in an infringing manner; and/or distributing instructions that guide users to use the Accused Instrumentalities in an infringing manner.  Defendants are performing these steps, which constitute induced infringement with the knowledge of the '699 patent and with the knowledge that the induced acts constitute infringement.  Defendants are aware that the normal and customary use of the Accused Instrumentalities by others would infringe the '699 patent. Defendants' inducement is ongoing.

58.      Defendants have also indirectly infringed by contributing to the infringement of the '699 patent.  Defendants have contributed to the direct infringement of the '699 patent by its personnel, contractors, and suppliers.  The Accused Instrumentalities have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims of the '699 patent, including, for example, Claim 1 of the '699 patent.  The special features include, for example, the devices and networking components recited in Claim 1, including the interrelation between those devices and networking components, that allow a user to access and listen to the voice mail using a telecommunications within a second LAN by connecting to the first LAN via a wide-area network (WAN), such as the Internet.  The special features constitute a material part of the invention of one or more of the claims of the '699

patent and are not staple articles of commerce suitable for substantial non-infringing use. Defendants' contributory infringement is ongoing.

59.     Defendants have knowledge of the '699 patent at least as of the date when it was notified of the filing of this action.

60.     Furthermore, on information and belief, Defendants have a policy or practice of not reviewing the patents of others (including instructing its employees to not review the patents of others), and thus has been willfully blind of Plaintiff's patent rights.

61.     Defendants' actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Defendants.

62.     Defendants' direct and indirect infringement of the '699 patent is, has been, and continues to be willful, intentional, deliberate, and/or in conscious disregard of Plaintiff's rights under the patent.

63.     Plaintiff has been damaged as a result of the infringing conduct by Defendants alleged above.  Thus, Defendants are liable to Estech in an amount that compensates it for such infringements, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

64.     Estech has suffered irreparable harm, through its loss of market share and goodwill, for which there is no adequate remedy at law.  Estech has and will continue to suffer this harm by virtue of Defendants' infringement of the '699 patent.  Defendants' actions have interfered with and will interfere with Estech's ability to license technology.  The balance of hardships favors Estech's ability to commercialize its own ideas and technology.  The public interest in allowing Estech to enforce its right to exclude outweighs other public interests, which supports injunctive relief in this case.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Estech Systems, Inc. requests that the Court find in its favor and against Defendants, and that the Court grant Estech the following relief:

a.      Judgment that one or more claims of the Asserted Patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or all others acting in concert therewith;

b.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the '298 and '699 patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patents by such entities;

c.      Judgment that Defendants account for and pay to Estech all damages to and costs incurred by Estech because of Defendants' infringing activities and other conduct complained of herein;

d.      Judgment that Defendants' infringements be found willful, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.      Pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

f.      That this Court declare this an exceptional case and award Estech its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

g.      All other and further relief as the Court may deem just and proper under the circumstances.

14

Dated: August 25, 2020                    Respectfully submitted,


                                          By: /s/ Fred I. Williams
                                          Fred I. Williams
                                          Texas State Bar No. 00794855
                                          Michael Simons
                                          Texas State Bar No. 24008042
                                          Jonathan L. Hardt
                                          Texas State Bar No. 24039906
                                          Chad Ennis
                                          Texas State Bar No. 24045834
                                          WILLIAMS SIMONS & LANDIS PLLC
                                          327 Congress Ave., Suite 490
                                          Austin, TX 78701
                                          Tel: 512-543-1354
                                          fwilliams@wsltrial.com
                                          msimons@wsltrial.com
                                          jhardt@wsltrial.com
                                          cennis@wsltrial.com

                                          Todd E. Landis
                                          State Bar No. 24030226
                                          WILLIAMS SIMONS & LANDIS PLLC
                                          2633 McKinney Ave., Suite 130 #366
                                          Dallas, TX 75204
                                          Tel: 512-543-1357
                                          tlandis@wsltrial.com

                                          John Wittenzellner
                                          Pennsylvania State Bar No. 308996
                                          WILLIAMS SIMONS & LANDIS PLLC
                                          1735 Market Street, Suite A #453
                                          Philadelphia, PA 19103
                                          Tel: 512-543-1373
                                          johnw@wsltrial.com

                                          *Attorneys for Plaintiff Estech Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 25, 2020, the undersigned caused a copy of the foregoing document to be served on Defendants Gensler Architecture, Design & Planning, P.C. d/b/a Gensler and M. Arthur Gensler Jr. & Associates, Inc. by having a process server deliver it to Defendants Gensler Architecture, Design & Planning, P.C. d/b/a Gensler and M. Arthur Gensler Jr. & Associates, Inc.'s registered agent, CT Corporation, 28 Liberty St., New York, NY 10005.

*/s/ Fred I. Williams*
Fred I. Williams